UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANDRE WILLIAMS,

    Petitioner,

v.

STATE OF MARYLAND,

    Respondent.

Civil Action No.: TDC-22-1288

**MEMORANDUM ORDER**

Petitioner Andre Williams, a pretrial detainee at Washington County Detention Center in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 requesting that this Court order his release on bail. Williams has been charged in the Circuit Court for Washington County, Maryland ("the Circuit Court") with armed robbery and related offenses. According to Williams, after he was convicted of these offenses, the Maryland Court of Special Appeals reversed his conviction and remanded his case to the Circuit Court, and he is currently being held without bail pending re-trial in Case No. 21-K-14-050701. *See* http://casesearch.courts.state.md.us/casesearch/ (last visited July 11, 2022). In his Petition, Williams asserts that the denial of bail violates his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Williams requests that his bail be set at $500,000 on the grounds that he is 56 years old, has been working to rehabilitate himself, and has had few infractions while incarcerated.

Williams has also filed a Motion to Exercise Federal Jurisdiction, ECF No. 2, in which he asserts that this Court has jurisdiction over his pending criminal case because it involved the alleged robbery of federal credit union and requests that this Court assert such jurisdiction.

Williams did not pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*. However, as the Petition must be dismissed without prejudice, he will not be required to correct this deficiency.

A state pre-trial detainee may seek federal habeas relief under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state remedies, and special circumstances exist that justify intervention by the federal court. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987); *see also Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (requiring exhaustion of state remedies before a state prisoner may seek habeas relief in federal court). Exhaustion is established when both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts, and the claim has been pursued through all available appeals, including to the highest state court with the authority to consider the claim. *See Baker v. Corcoran*, 220 F.3d 276, 289-91 (4th Cir. 2000). Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Here, Williams's claim that his detention without bail violates his constitutional rights can be litigated in state court, so his Petition must be dismissed for failure to pursue and exhaust all available state remedies before filing his Petition.

Moreover, the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971), "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists," if there is: "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the

federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008). If these elements are met, "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007). Here, where Williams's criminal case remains ongoing and he has the opportunity to contest his bail within the state court system, this Court will abstain from intervening in the functioning of the state court processes. *See Moore*, 515 F.2d at 448-49 (finding that *Younger* abstention applied to a claim arising from an ongoing criminal case that a defendant was not provided a speedy trial). Accordingly, the Court will dismiss the Petition without prejudice.

To the extent that the Petition could be construed as seeking mandamus relief, this Court may issue such a writ to compel a federal officer, employee, or agency to perform a duty, but that authority does not extend to compelling action by a state official. *See* 28 U.S.C. § 1361 (2018). Therefore, the Court lacks jurisdiction to provide such relief.

Finally, the fact that the state charge against Williams involves the alleged robbery of a federal credit union does not provide a basis for this Court to assume jurisdiction over that case. A state criminal case may be removed to federal court only under extremely limited circumstances not applicable here. *See* 28 U.S.C. §§ 1442, 1443. Williams's Motion will therefore be denied.

If Williams seeks to appeal the dismissal of the Petition, he must first receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that

reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Williams' claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Williams may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

Accordingly, it is hereby ORDERED that:

1. Williams's Petition for Writ of Habeas Corpus, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.
2. Williams's Motion to Exercise Federal Jurisdiction, ECF No. 2, is DENIED.
3. The Clerk shall MAIL a copy of this Order to Williams.
4. The Clerk shall CLOSE this case.

Date: July 11, 2022

THEODORE D. CHUANG
United States District Judge